# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

EAGLE SERVICES CORP.,             )
        Plaintiff,              )
                              )
      v.                        )
                              )     CAUSE NO.: 2:02-CV-36-PRC
H2O INDUSTRIAL SERVICES, INC.,   )
DONALD L. BRAMMER, CARL F. TAYLOR,  )
DONNA M. SENG, and MICHAEL NILOFF,  )
            Defendants.      )

## OPINION AND ORDER

This matter is before the Court on the July 31, 2008 Mandate of the United States Court of Appeals for the Seventh Circuit, filed August 4, 2008 [DE 260] and on Defendants' Petition For Attorneys' Fees [DE 292], filed on August 29, 2011. Plaintiff filed a response on January 27, 2012, and Defendants filed a reply in support on March 23, 2012.

In determination of these issues the Court **FINDS, ORDERS, ADJUDGES, and DECREES**:

### PROCEDURAL BACKGROUND

1.      On January 29, 2002, Plaintiff Eagle Services Corp. filed its Complaint. On March 27, 2002 Eagle Services Corp. filed its First Amended Complaint.

2.      On June 7, 2002, Defendants H2O Industrial Services, Inc., Donald L. Brammer, Carl F. Taylor, and Donna M. Seng (hereinafter for the sake of convenience referred to collectively as H2O Defendants, which reference includes later named Defendant Michael Niloff) filed their

Answer. On January 29, 2003, the H2O Defendants filed their Amended Answer, a Third-Party Complaint, and a Counterclaim.

3.  On April 21, 2003, Third-Party Defendants John Augustinovich and Sam Raich, III, filed their Answer To Third-Party Complaint, and Plaintiff-Third-Party Defendant Eagle Services Corp. filed its Answer To Counterclaim.

4.  On October 13, 2004, this case was reassigned to the undersigned Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, the undersigned Magistrate Judge has jurisdiction to decide this case pursuant to 28 U.S.C. §636(c).

5.  On October 21, 2004, Eagle Services Corp. filed its Second Amended Complaint.

6.  On September 28, 2005, the Court issued an Order granting partial summary judgment in favor of the H2O Defendants.

7.  On March 6, 7, 8, 9, 10, 2006, a jury trial was held. On the fifth day of the trial, at the conclusion of the presentation of Plaintiff Eagle Services Corp.'s evidence, the Court granted an oral motion by the H2O Defendants made pursuant to FRCP 50(a) and entered judgment in favor of the H2O Defendants against Eagle Services Corp.

8.  On March 13, 2006, the Clerk entered judgment.

9.  On April 24, 2006, the H2O Defendants filed their Motion For Attorney Fees And Costs, on May 31, 2006, Eagle Services Corp. filed its brief in opposition, and on July 19, 2006, the H2O Defendants filed their reply.

10.  On May 31, 2006, the H2O Defendants filed their Bill of Costs.

11.  On March 29, 2007, the Court issued an Order denying the Motion For Attorneys' Fees and granting the Motion For Bill of Costs.

12.     On April 27, 2007, the H2O Defendants filed a Notice of Appeal [DE 249].

13.     On May 1, 2007, a shortened record of the trial court proceedings was sent to the United States Court of Appeals for the Seventh Circuit.

14.     On August 4, 2008, the United States Court of Appeals for the Seventh Circuit notified this Court that this Court's ruling denying the H2O Defendants' petition for attorney fees was reversed and the issue was remanded to this Court for determination.

15.     On August 14, 2008, the Court granted the parties 120 days within which to conduct discovery on the issue of attorney fees.

16.     The Court then held a series of nine Status Conferences between August 4, 2008, and November 19, 2009 [DE 264-275].  During each of those conferences the parties agreed to and requested more time within which to conduct discovery and attempt to reach a settlement.

17.     On December 2, 2009, a court-ordered Status Report was filed.

18.     On December 3, 2009, the Court set the attorney fee issues for contested evidentiary hearing which was later continued by agreement of the parties.

19.     The Court held another series of seven Status Conferences between January 21, 2010, and July 12, 2011. [DE 276, 280, 281, 282, 283, 286, 287].

20.     Several other agreed extensions of time were jointly requested or unopposed and were obtained by the parties [DE 277, 288, 290, 296, 302, 304].

**STANDARD OF PROOF**

21.     This matter being a civil case, the H2O Defendants have the burden of proving their attorney fees by a preponderance of the evidence.

## ANALYSIS

22.     The Copyright Act of 1976 authorizes the court to award reasonable attorney's fees and costs to the prevailing party in a suit brought under the Act.  *See* 17 U.S.C. § 505.  Section 505governs costs and attorney's fees in copyright infringement actions and provides, in its entirety:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.[1]

17 U.S.C. § 505.

23.     In this case the H2O Defendants were the prevailing parties at trial.  During the fifth day of jury trial proceedings the Court granted judgment as a matter of law in their favor against Eagle Services Corp. pursuant to Federal Rule of Civil Procedure 50(a).

24.     In its written Opinion in this matter, the United States Court of Appeals for the Seventh Circuit ordered that this Court compute and award reasonable attorney fees to the H2O Defendants.

25.     The H2O Defendants seek attorney fees in the amount of $662,779.50 and related expenses in the amount of $31,084.55 for a total award of $693,864.05 supported by affidavits of attorneys Steven Handlon, Kenneth Elwood, and James Borcia.

26.     "When determining the reasonableness of attorneys' fees, a 'lodestar' analysis, which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended, is typically the starting point."  *A. Bauer Mech., Inc. v. Joint Arbitration Bd.,* 562 F.3d 784, 793 (7th

---

[1] This Order addresses only the issue of attorney fees, not other costs.  On March 29, 2007, the Court issued an Order in this case granting the H2O Defendants' Motion For Bill of Costs [DE 248].

Cir. 2009) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "A reasonable hourly rate should reflect the attorney's market rate, defined as 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Small v. Richard Wolf Med. Instruments Corp.,* 264 F.3d 702, 707 (7th Cir. 2001) (quoting *Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 407 (7th Cir. 1999)). "In determining the reasonable number of hours, the court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Id.* at 708 (quoting *Hensley,* 461 U.S. at 434).

27.     Eagle Services Corp. agrees in this case that the appropriate method for calculating attorney fees is the "lodestar" method, so this methodology is not at issue.

28.     In this case attorney Kenneth Elwood billed at a rate of $195.00 per hour, attorney Steven Handlon billed at a rate of $225.00 - $250.00 per hour, and attorney James Borcia billed at a rate of $230.00 per hour. Each of these rates are reasonable hourly rates considering the nature, complexity, and length of the litigation, the professional experience of the attorneys, the usual hourly rates for attorneys in the northwest Indiana region, the higher hourly rates sometimes approved by courts in copyright cases, and the successful outcome of the litigation in favor of their clients.

29.     Eagle Services Corp. agrees that the hourly rates charged by each of the H2O Defendants' attorneys in this case are reasonable in amount, so the attorney hourly rates are not at issue.

30.     Eagles Services Corp. asserts that the use of three separate law firms by the H2O Defendants and that the time for attorney James Borcia to get up to speed on the case were

excessive.  The Court finds that these were not excessive.  Eagle Services Corp. filed this lawsuit against a corporate defendant and six individual defendants, with its claims against them overlapping one another.  The issues were strongly contested.  The litigation was lengthy.  Pre-trial discovery was substantial.  Attorney Steven Handlon withdrew his appearance as attorney of record February 23, 2006, after substantial discovery and just a few days prior to the March 6, 2006 first day of trial due to health reasons.  This unfortunate development was the reason attorney James Borcia entered his appearance in this case December 21, 2005.  *See, e.g., Eichenwald v. Krigel's, Inc.*, No. 94-2292, 1996 WL 157223 (D. Kan. Mar. 14, 1996).

31.     Eagle Services Corp. asserts that, when some billing entries between attorneys are compared, the amounts of time differ, but Eagle Services Corp. points to only two such comparisons (Eagle Services Corp. states "there are other examples" but fails to specify any others for the Court).  The March 4, 2004, billing entries for attorneys Steven Handlon and Kenneth Elwood differ.  Some of those March 4, 2004 work entries referred to, however, are parallel and some are for additional distinct legal services.  The August 16, 2004 billing entries for the same two attorneys also differ.  But the difference is explained by the same general reason.

32.     Eagle Services Corp. objects to "block billing" as being too vague in description of legal services.  Block billing is not inherently or by itself improper.  The Court finds that the block billing in this case is sufficiently detailed in description to determine that the time billed accurately shows attorney time spent and that the legal services and expenses were reasonable.  *See, e.g., Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006); *Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1028-29 (N.D. Ill. 2009).

33.    Eagle Services Corp. objects to any attorney expenses award for investigation, expert witnesses, mock trial, travel and subsistence, fax, delivery, and postage, stating that these expenses are not recoverable under the law and should be part of general law office overhead expense.   To the contrary, the Court finds these types of expenses are recoverable as part of an attorney fee award:

(A)    investigator expenses – *Coach, Inc. v. Cosmetic House*, 2011 WL 1211390 (D. N.J. Mar. 29, 2011); *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 539 (D.N.J. 2008); *Fila U.S.A. v. Run Run Trading Corp.*, 1195 WL 271992 (S.D. N.Y. May 21, 1996);

(B)    expert witness fees – *Thornton v. St. Anne Home of the Diocese of Fort Wayne*, 2011 WL 4732848 (N.D. Ind. Oct. 3, 2011); *United States ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp.*, 793 F. Supp. 2d 1260 (D. Colo. 2011); *United States ex re. Miller v. Bill Harbert Int'l Constr., Inc.*, 601 F. Supp. 2d 45 (D.D.C. 2009), amended in part and vacated in part on other grounds by *United States ex re. Miller v. Bill Harbert Int'l Constr., Inc.*, 786 F. Supp. 2d 110 (D.D.C. 2011);

(C)    mock trial expenses – *Sigley v. Kuhn*, Nos. 98-39077, 99-3531, 2000 WL 145187 (6th Cir. Jan. 31, 2000); *Charles v. Daley*, 846 F.2d 1057 (7th Cir. 1988);

(D)    travel and subsistence expenses – *Neufeld v. Searle Labs.*, 884 F.2d 335, 342 (8th Cir. 1989); *Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1203 (7th Cir. 1984);

(E)    fax, delivery, postage, and messenger expenses – *Grove v. Wells Fargo Fin. Cal., Inc.,* 606 F.3d 577 (9th Cir. 2010).

34.    Near the end of their March 23, 2012 Reply, the H2O Defendants raise for the first time a request for "prejudgment interest" on the attorney fee award.  This request is not within their August 29, 2011 petition.

35.     Generally, arguments raised for the first time by a moving party in a reply brief are deemed waived.  *See, e.g., Holman v. Indiana,* 211 F.3d 399, 405 n.5 (7th Cir. 2000); *Chi. Reg. Council of Carpenters Pension Trust Fund v. Woodlawn Cmty. Dev. Corp.,* No. 09-CV-3983, 2011 WL 6318605, *4 (N.D. Ill. Dec. 15, 2011).

36.     The Court finds that the H2O Defendants waived their request for "prejudgment interest" by not timely making the request.

## CONCLUSION

37.     The Court hereby **GRANTS** the Defendants' Petition For Attorney's Fees [DE 292].

38.     The Court **ORDERS** that Plaintiff Eagle Servies Corp. shall pay Defendants H2O Industrial Services, Inc., Donald L. Brammer, Carl F. Taylor, Donna M. Seng, and Michael Niloff attorneys fees and attorney expenses in the amounts of:

(A)     $662,779.50 attorney fees, and

(B)     $31,084.55 attorney expenses

totaling $693,864.05.

SO ORDERED this 8th day of August, 2012.

s/ Paul R. Cherry_____
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record